127  555
d132  621

MRS. RASMUS JENSEN v. JOHN DAMM, THOMAS JASPERSON,.
SR., and THOMAS JASPERSON, JR., Appellants.

**Libel:** CONSTRUCTION OF PUBLICATION. Where the language charged
1   as libelous is ambiguous or capable of two constructions, one
of which is libelous and the other is not, the court can not say
as a matter of law which interpretation shall prevail, but the
question should be submitted to the jury.

**Instructions.** Where the court in an action for libel explicitly
2   instructed the jury to first determine the character of the pub-
lication complained of, a further instruction that if defendants
made or published the libel they would be liable, etc., was not
objectionable as assuming the libelous character of the pub-
lication.

**Evidence:** JUSTIFICATION. In an action for libel the evidence in
3   support of the allegation of the truth of the publication pleaded
in justification, is held not so conclusive as to require the court
to set aside the verdict on that ground.

**Damages.** Where a publication is libelous *per se* actual damages
4   may be recovered, although there is no specific proof thereof.

*Appeal from Franklin District Court.*— HON. J. R. WHIT-
AKER, Judge.

THURSDAY, JUNE 8, 1905.

ACTION to recover damages for libel. Verdict for plain-
tiff for $1,500. On motion for a new trial the plaintiff
elected to remit $500, to avoid the setting aside of the verdict
by the court on the ground that the amount allowed was
excessive. From judgment in favor of plaintiff for the bal-
ance, the defendants appeal.— *Affirmed.*

*E. P. Andrews,* for appellant.

*B. H. Mallory* and *Taylor & Evans,* for appellee.

McCLAIN, J.— In various ways, counsel for defendants

raised the question in the lower court whether the publication complained of was libelous *per se.* The complaint is now made on appeal that the rulings and instructions of the court allowing a recovery for the publication, in the absence of any allegation or proof of special damages, were erroneous.

The publication complained of was an article in a newspaper published by one Hansen, who is not defendant in this action, which, as it is alleged, was caused to be printed and published by these defendants. This article purported to give the history of an attempt on the part of plaintiff to secure the indictment and conviction of the defendant Damm for an assault upon plaintiff's daughter with intent to commit rape. In the course of the article, it was stated that plaintiff swore out information against said defendant on that charge, and caused his arrest, and that said defendant was bound over on preliminary examination, and, on investigation of the case by the grand jury, the defendant was indicted. It was further stated, however, that on the trial of said defendant under the indictment the plaintiff " at once retracted everything that had been said at the preliminary trial in the way of evidence pertaining to the charge of attempt to rape "; that plaintiff " made a statement on the witness stand directly opposite to what she said in the presence of four people before the trial, and that the people were in the courtroom, Wednesday, prepared to testify as to that "; and, further, that when plaintiff " was asked why she had not sought advice from the minister of her own church, Rev. Nelsen, as to the advisability of taking the case up in court, instead of going to Rev. Kirkegaard, she replied that she had gone to Rev. Nelsen's place, but had not found him at home, and we were told that Rev. Nelsen was in the courtroom, Wednesday, to testify that he was at home when Mrs. Jensen called, and had spoken to her. These matters may, or may not, have had something to do with the retracting of evidence; we do not know." It was further stated in the article that " some people, perhaps, do not realize that it requires evidence to

establish a case in court; ' gossip is no go in the courtroom.' "

The court correctly defined libel, and instructed the jury that the first, and one of the material matters for determination under the evidence, was whether or not the article set out ___1. LIBEL: con-___ in plaintiff's petition and published in the news-
___struction of___
___publication.___ paper was a libel upon plaintiff, within the definition of libel as thus given to the jury.   What we have recently said in another case of similar character, *Morse v. Times-Republican Ptg. Co.*, 124 Iowa, 707, seems directly' applicable to this case:

> It is true the charge is not made in direct and unequivocal terms [that the plaintiff had committed a crime], and that with the exercise of some ingenuity each phrase in the printed article may be given a harmless signification; but this seems at most to demonstrate that the language complained of is open to two constructions, one of which is libelous and the other is not.   In such case it is not within the province of the court to say, as a matter of law, which interpretation shall prevail.   Alleged libelous words are not to be taken in their most favorable or innocent signification, but in accordance with their general acceptance, or as they would naturally be understood by persons hearing or reading them.   .   .   .   The words being fairly capable of the defamatory meaning in which plaintiff alleges they were used, they are actionable *per se*.   It is, of course, open to the defendant to go to the jury upon the theory that the words, if ambiguous, were not used in a defamatory or libelous sense, and that, under the circumstances attending the publication, its readers could not reasonably have so understood them.   But the issue thus raised is one of fact, and not of law.

And it is further said in that case that " it is enough if the printed article be such that its publication naturally tends to brand him [the person referred to therein] with dishonesty, or other conduct or characteristic deserving the contempt and reprobation of right-minded people."   It was therefore proper in the present case to leave to the jury the question those reading it, to impute to the plaintiff the crime of

whether the language of the article would be understood, by perjury, or to charge her with dishonesty of purpose and other improper motives in instituting and carrying on a prosecution against defendant Damm for a most vile and atrocious crime, without reasonable ground for doing so. The court did not err in submitting the question to the jury.

An instruction is complained of in which the jury were told that defendants, if they willfully made, composed, or dictated said alleged libel, and caused or procured the publication thereof, " would be liable to plaintiff for such damages as the evidence shows she has suffered as a direct result of the publication of said article." It is said that in this instruction the court assumed as a matter of law that the publication was libelous. But, as has already been stated, the court had in a previous instruction explicitly directed the jury to first determine as a matter of fact whether or not the article was libelous, and had further directed them correctly and specifically as to the matters to be taken into account in reaching a conclusion as to the character of the publication, so that the jury could not have been misled as to their duty to consider whether the publication was libelous before entering upon a consideration of the question whether defendants were instrumental in securing the publication of the article. The jury must have understood that it was in the event that they found the article to be libelous that they were to render judgment against any of the defendants for the publication of the article, upon finding that they were instrumental in procuring such publication. There was no prejudicial error in this respect in the instruction complained of. We must necessarily consider all of the instructions together, and especially all of them which are clearly related to each other and dependent upon each other, in determining whether error has been committed in giving one of them.

It is contended that the evidence failed to establish the allegation of the truth of the article published, which is

2. INSTRUCTIONS.

pleaded by way of justification, and that the court erred, therefore, in not setting aside the verdict on defendant's motion. But, while the evidence did no doubt show that many of the statements in the article were true as a matter of fact, it fell far short of showing the truth of the substantially injurious statements, made by plain implication in the article, that plaintiff had prosecuted the criminal case against Damm without a reasonable ground for doing so, and had either on the witness stand committed perjury, or, in statements to outsiders previously made, been guilty of deliberate and injurious falsehood with reference to the transaction. The evidence relied upon to establish a justification was by no means so conclusive as to require the court to set aside the verdict on that ground.

*3. Evidence: justification.*

The evidence was sufficient to warrant a verdict against these defendants under the instruction of the court that they would be liable for the damages resulting from the publication, if they "willfully made, composed, or dictated said alleged libel, or caused or procured the publication of said article, or willfully aided or assisted in the publication and circulation of the same; and it is not contended that the instruction is erroneous. The connection of the defendants with the publication of the article was, under the evidence, a question of fact for the jury.

The court instructed the jury that plaintiff might recover as actual damages " such sum as, in the fair and impartial judgment of the jury, under all the facts and circumstances shown by the evidence, would fairly and reasonably compensate her for any exposure to public hatred, contempt, or ridicule, and any deprivation to her of the benefits of public confidence and social intercourse, and all as a direct result of the publication of the alleged libelous article." It is claimed that there was no evidence of actual damages on which the verdict of the jury could be predicated; but if the publication was *per se* libelous, it was not necessary for the plaintiff to allege

*4. Damages.*

or prove specific damage. The jury might allow her such sum by way of actual damages as she was reasonably entitled to have in compensation for the injury inflicted upon her by such publication. The extent to which plaintiff was damaged in the respects suggested in the instruction is not capable of mathematical computation, nor of direct and specific proof; and it is for the jury in such case to allow as actual damages such amount as in their reasonable judgment she ought to have for the injury done her.

Finding no error in the record, the judgment of the trial court is *affirmed*.